IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:01CR754

        Plaintiff

   v.  ORDER

Keith L. Cooke, et al.,

        Defendant

     This is a criminal case in which three defendants are charged with conspiracy to distribute drugs and conspiracy to launder money. Pending is the defendants' motion to dismiss on grounds that the indictment was not returned within the period of limitations.

     The drug conspiracy was charged in an original indictment that was returned under seal on August 8, 2001. A superceding indictment adding the money laundering conspiracy charge was returned on February 2, 2005.

     The applicable period of limitations for the drug conspiracy charge thus began to run as of August 8, 1996.

     The limitations period for the money laundering conspiracy charge began to run as of February 2, 2000.

**A. Drug Conspiracy Charge**

The indictment charges that the defendants engaged in a drug conspiracy beginning in 1989 and continuing until March, 2000. No overt acts are alleged.

In response to the defendants' statute of limitations claim, the government asserts that its evidence will show:

- the defendant Keith Cooke was arrested in 1998 following execution of a search warrant at premises he allegedly used as a stash house. The defendant was on the premises at the time drugs were found in the house;[1]

- the owner of the premises searched in 1998 will testify that she saw the defendant Cooke on the premises a few weeks before the search with a pile of white powder and two large stacks of cash;

- one Eric Watson (whom the government's brief refers to as a co-conspirator, but who is not mentioned or charged in the indictment) was arrested with two kilograms of cocaine in 1997; and

- A search warrant was executed in 1996 at premises allegedly belong to the defendant Cooke, and a small amount of cocaine was seized.

(Doc. 46, at 1-3).

Without presently adjudicating the admissibility of the evidence recited by the government (i.e., whether the 1998 seizure of drugs violated the defendants' constitutional rights, the jury could find the white powder and stacks of cash were drug- and conspiracy related, or the drugs found in Watson's possession and during the 1996 were related to the conspiracy), I conclude that these representations suffice to overrule the motion to dismiss the drug conspiracy count, without prejudice.

**B. Money Laundering Conspiracy**

---

[1] A state court prosecution was terminated when a state court judge determined that the search had exceeded the scope of the warrant. As the government points out, the state court's decision is not binding on this court. No motion to suppress has been filed so far in this case.

The money laundering conspiracy count alleges twenty-three overt acts. Of these, only one, relating to the recording of a quit-claim deed from co-conspirator Floyd to a third party, is within the limitations period.

Filing of a deed transferring property to a third party, whereby an alleged money launderer divests himself of his previously concealed interest in property, is not, by its nature, an act that furthers the concealment of that interest. At most, where such deed was executed (as alleged in this case) by a straw owner, the filing of the deed might, with other evidence, prove that the defendant had previously sought to conceal his assets. But standing alone, filing of a deed is not an act in furtherance of such concealment.

The property at issue had, according to the indictment, been transferred in 1998 by the defendant Keith Cooke to the co-defendant William A. Floyd. Such transfer would appear to be an act in furtherance of a conspiracy to conceal the defendant Cooke's interest in the premises.[2]

The government alleges that is has other evidence, which it has not recited in indictment's list of overt acts, which shows acts of in furtherance of a conspiracy to launder money. Such proof, according to the government, includes:

- negotiations by Cooke with a third party for the third party to obtain title to the property by paying an overdue balance on a mortgage;[3]

---

[2] After the transfer to Floyd, Cooke's name, presumably, would still have appeared in the chain of title, so that a review of the property's title history would disclose his interest prior to the putative transfer to Floyd. This does not mean, however, that a jury might find, if the proof otherwise sufficed for it to do so, that the 1998 transfer to Floyd was part of an effort to conceal Cooke's interest thereafter. This is so, even if such effort could easily be unmasked by a title search. Not every act in furtherance of concealment has to be intelligent or successful to be culpable.

[3] The record shows that the initial discussion about a possible sale to the third party occurred outside the limitations period, as it occurred about two years prior to the third party's testimony about the

- a statement by Cooke as he and the third party were agreeing on the price and sale, that the house was not his; and

- execution by co-defendant Floyd of the quitclaim deed to the premises; such execution occurring, apparently, in mid-March, 2000.[4]

These allegations, if proven, suffice to allege that the money laundering conspiracy (i.e., conspiracy to conceal Cooke's interest in the premises) continued into the limitations period. Viewed in the government's favor, these allegations show that Cooke, when he told the third party buyer that the house was not his and then had a co-defendant sign the quitclaim deed, was thereby maintaining the alleged fiction of Floyd's ownership created with the 1998 transfer of the house to Floyd.

The availability of this additional evidence does not, however, answer all the questions raised by the defendant's motion to dismiss the money laundering conspiracy count. The defendant acknowledges that the government need not, under *Whitefield v. U.S.*, U.S. , 125 S.Ct. 687, 694 (2005), prove an overt act in furtherance of a money laundering conspiracy. He argues, though, that *Whitefield* does not relieve the government of an obligation to allege one or more overt acts in a money laundering conspiracy indictment.

The government has not responded to this contention. It shall be granted leave to do so.

### Conclusion

In light of the foregoing, it is

---

transaction before the grand jury on June 6, 2001. (Doc. 46-2 at 10). The record also shows that further negotiations occurred about sixteen to eighteen months thereafter (i.e., between October and December, 2000, within the limitations period). (*Id*. at 10-11).

[4] The exact date of the deed's execution and transfer may not be material, as they would have occurred, at the earliest, in October, 2000, and thus within the limitations period.

ORDERED THAT:

1. The defendant's motion to dismiss the drug conspiracy charge be, and the same hereby is overruled; and

2. Leave be, and hereby is granted to the government to file a supplemental reply to the defendant's contention that it must allege an overt act within the limitations period in an indictment alleging a money laundering conspiracy; said supplemental reply to be filed by November 9, 2005; defendant granted leave to file a surreply by November 15, 2005. So ordered.

                                                s/James G. Carr
                                                James G. Carr
                                                Chief Judge