IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                              Case No. 3:01CR754

             Plaintiff

v.                                                                   ORDER

Keith L. Cooke, et al.,

             Defendant

This is a criminal case in which the defendant Keith L. Cooke seeks dismissal of a count charging conspiracy to launder money in violation of 18 U.S.C. §§ 1956(h). The defendant contends that the indictment containing this count was returned outside the five-year limitations period because the government has not alleged any overt acts in furtherance of the alleged money laundering conspiracy.

In response, the government argues that it need not allege an overt act, much less one with in the limitations period. The government points to the Supreme Court's recent decision in *Whitfield v. U.S.*, 543 U.S. 209 (2005), for support for its contention.

In *Whitfield* the Court held that a conviction for conspiring to launder money could be upheld even though the government had not proved an overt act. *Id.* at 694.

Courts have consistently held that an indictment alleging a non-overt act conspiracy, like the money laundering conspiracy in this case, satisfies the statute of limitations if the government alleges the conspiracy continued into the limitations period. As stated in *U.S. v. Harriston*, 329 F.3d 779, 784 (11th Cir. 2003):

> The government satisfies the requirements of the statute of limitations for a non-overt act conspiracy if it alleges and proves that the conspiracy continued into the limitations period. The government only has to show, either directly or circumstantially, that a conspiracy existed; that the defendant knew of the conspiracy; and that with knowledge, the defendant became a part of the conspiracy. A conspiracy is deemed to have continued as long as the purposes of the conspiracy have neither been abandoned nor accomplished and the defendant has not made an affirmative showing that the conspiracy has terminated. (Citations omitted).

*Accord, e.g.*, *U.S. v. Persico*, 832 F.2d 705, 713 (2d Cir. 1987) ("Because the RICO conspiracy statute does not require proof of an overt act, we believe that the crime of RICO conspiracy is not complete until the purposes of the conspiracy either have been accomplished or abandoned."); *U.S. v. Milicia*, 769 F.Supp. 877, 884 (E.D.Pa. 1991) (statute of limitations does not begin to run with regard to a non-overt act conspiracy until the conspiracy terminates); *U.S. v. Maling*, 737 F.Supp. 684, 690 (D.Mass. 1990).

The superceding indictment in was filed on February 2, 2005. It alleges that "From on or about 1993, to on or about March 8, 2000" the defendant conspired with others to commit money laundering. (Doc. 11 Count 2). Thus, even if the superceding indictment does not relate back to the August 8, 2001, filing date of the original indictment, its allegation that the conspiracy continued until March 8, 2000, satisfies the statute of limitations for this non-overt act conspiracy.

In light of the foregoing, it is

ORDERED THAT the defendant's motion to dismiss Count II be, and the same hereby is overruled.

So ordered.

    s/James G. Carr
    James G. Carr
    Chief Judge